IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30923
_____

CHRISTOPHER P. IEYOUB, Individually and
on behalf of Emily Elizabeth Ieyoub; KIM G. IEYOUB,
Individually and on behalf of Emily Elizabeth Ieyoub.,

Plaintiffs-Appellants,

versus

SCHOOL BOARD OF CALCASIEU PARISH;
STATE OF LOUISIANA, on behalf of
Louisiana Department of Education,

Defendants-Appellees.

Appeal from the United States District Court for
the Western District of Louisiana
(USDC No. 2:99-CV-900)
_____
March 26, 2001

Before REAVLEY, SMITH and DeMOSS, Circuit Judges.

REAVLEY, Circuit Judge:[*]

Christopher and Kim Ieyoub, individually and on behalf of their minor child Emily

Ieyoub, appeal from judgment against their claim under the Individuals with Disabilities

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Education Act, 20 U.S.C. §§ 1400-87 (IDEA).  The Ieyoubs maintain that the Calcasieu Parish School Board and the State of Louisiana violated procedural and substantive requirements of IDEA, thereby denying Emily a free, appropriate public education.  They also claim that the board and State violated IDEA by failing to allot a proportionate amount of federal funds to the provision of services to Emily while she attended private school.  In addition, the Ieyoubs seek attorney's fees.  The district court denied each of these claims.  We affirm but modify the district court's judgment by awarding one dollar in nominal damages to the Ieyoubs.

The Ieyoubs argue that the board and State failed to provide Emily with appropriate educational services as required by IDEA.  First, they claim that Emily needs a full-time interpreter but her individualized education plan (IEP) provides for an interpreter only some of the time.  Second, they claim that the amount of speech therapy provided for Emily is inadequate.  But the role of the federal courts under IDEA is not to second guess educators.  The question before us is merely whether Emily's IEP is reasonably calculated to provide Emily with some meaningful educational benefit.  See Houston Indep. Sch. Dist. v. Bobby R., 200 F.3d 341, 346 (5th Cir. 2000).  Emily's performance in the Calcasieu school, aided by speech therapy and an interpreter, demonstrated that the plan for her was beneficial.  We cannot conclude that the educational services Emily received were inappropriate.

The Ieyoubs also argue that procedural safeguards of IDEA were violated.  First, they claim that the school board violated 20 U.S.C. § 1415(b)(3), (6) by failing to provide

2

them with written prior notice of its refusal to meet their demands.[1]  Second, they claim

that a person who had been properly disqualified[2] as a hearing officer for their due

process hearing later participated on the state review panel.  Because the Ieyoubs fail to

explain why the disqualified hearing officer was disqualified in the first place or why he

should have been disqualified from the review panel, we find no error on that claim.

Their notice claim, however, has merit.

To protect the rights of students with disabilities and their parents, IDEA

implements several procedural requirements, including "written prior notice" when a

school refuses to make IEP changes that the parents have requested.  Id.  In such notice,

IDEA requires inclusion of specific information concerning the rights of parents and

children with disabilities.  See id. § 1415(c).  Noncompliance with this requirement by

itself may be sufficient to deny Emily a free appropriate public education.  See Jackson v.

Franklin County Sch. Bd., 806 F.2d 623, 628-32 (5th Cir. 1986).[3]

The district court found that the Ieyoubs were not provided with written prior

notice when their request for changes in Emily's IEP was rejected.  But the court

concluded that this error was harmless because it found that the Ieyoubs knew what

---

[1] Their demands are described above–a full-time interpreter and more time in speech therapy for Emily.

[2] The disqualification was pursuant to the Louisiana Administrative Procedural Rules under IDEA.

[3] Jackson was decided under IDEA prior to its name change, when it was called the Education of Handicapped Children Act of 1975.

3

services the school would and would not provide.  Under Fifth Circuit precedent, the Ieyoubs are entitled to nominal damages for procedural violations of IDEA even if they do not affect Emily's education.  See, e.g., Salley v. St. Tammany Parish Sch. Bd., 57 F.3d 458, 466 (5th Cir. 1995); Jackson, 806 F.2d at 631.  Because the failure was harmless to appellants, we fix the award at one dollar.

Although nominal damages may in some cases support an award of attorney's fees, an award of fees would be inappropriate here.  See Farrar v. Hobby, 506 U.S. 103, 115 (1992) ("In some circumstances, even a plaintiff who formally 'prevails' under [42 U.S.C.] § 1988 should receive no attorney's fees at all.  A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party.").[4]  The "most critical factor" in this determination is the Ieyoubs' "degree of success obtained" in the litigation.  Id. at 114 (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)).  Because the absence of notice is only a very small part of the Ieyoub's IDEA claim, and because nominal damages are an extremely limited award compared to the relief the Ieyoubs requested, we conclude that the Ieyoubs' degree of success cannot support an award of attorney's fees.

The Ieyoubs' additional claim is without merit.  They cannot state a claim for proportionate funding under 20 U.S.C. § 1412(a)(10)(A)(i) because Emily has no

---

[4] Although Farrar was not decided under IDEA, we have frequently looked to other fee shifting statutes for guidance in construing IDEA's fee shifting provisions.  See, e.g., Salley, 57 F.3d at 468 n.13; Angela L. v. Pasadena Indep. Sch. Dist., 918 F.2d 1188, 1193 (5th Cir. 1990).

individual right to any funding or services under this provision.  <u>See</u> 34 C.F.R. § 300.454(a).

For these reasons, the judgment of the district court is affirmed but modified and the Ieyoubs are awarded one dollar in nominal damages against Calcasieu Parish School Board.

AFFIRMED as MODIFIED.